# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DENNIS STRONG,**

    Plaintiff,

    v.                                                      Case No. 17-CV-967

**WISCONSIN DEPARTMENT OF CORRECTIONS,**
**AARON SABEL,**
**ROGER NEVEAU, AND**
**CHAD CORRIGAN,**

    Defendants.

## SCREENING ORDER

Dennis Strong, who is confined at the Outagamie County Jail, is representing himself in this civil rights action under 42 U.S.C. § 1983. Strong alleges that his ongoing confinement on a probation violation charge violates his Fourteenth Amendment due process rights. This matter is before me on Strong's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) and for screening of his amended complaint.

Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, I have jurisdiction to screen the complaint pursuant to the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this Court.

*Motion to Proceed In Forma Pauperis*

The Prison Litigation Reform Act applies to this case because Strong is incarcerated. 28 U.S.C. § 1915. The law allows a court to give an incarcerated plaintiff the ability to

proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. *Id.* One of those conditions is a requirement that Strong pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once he pays the initial partial filing fee, I may allow Strong to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On July 18, 2017, I issued an order finding that Strong lacked the funds to pay an initial partial filing fee, and waiving that fee. (Docket # 5); 28 U.S.C. § 1915(b)(4). The July 18, 2017 order also permitted Strong an opportunity to voluntarily dismiss this action, to avoid incurring a "strike" for filing a frivolous or unfounded lawsuit. (Docket # 5.) Strong did not move to voluntarily dismiss this action. On August 22, 2017, I screened Strong's original complaint, concluding that he could not proceed on his original complaint but permitting him an opportunity to file an amended complaint. (Docket # 9). The August 22, 2017 screening order also held Strong's motion to proceed without prepayment of the filing fee in abeyance pending Strong filing an amended complaint, and provided him a second opportunity to voluntarily dismiss this action. (*Id.*) On September 25, 2017, Strong filed an amended complaint, affirming his desire to proceed with this action. (Docket # 10.) I will grant Strong's motion for leave to proceed without prepayment of the filling fee and will allow him to pay the $350 filing fee over time from his prisoner account, as described at the end of this order.

*Screening of Amended Complaint*

1.  *Standard for Screening Complaints*

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity, or officer or employee of a

2

governmental entity. 28 U.S.C. § 1915A(a). A court may dismiss an action, or portion thereof, if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The factual content of a complaint must allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Indeed, allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Id.* at 679. First, a court determines whether the plaintiff's legal conclusions are supported by factual allegations. *Id.* Legal conclusions not supported by facts "are not entitled to the assumption of truth." *Id.* Second, a court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). A court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2. *Facts Alleged in the Amended Complaint*

Strong alleges that he is being detained at the Outagamie County Jail on a probation violation charge. He contends that, during his previous criminal sentencing proceeding resulting in his original incarceration and probation, the sentencing court did not advise him as to the terms governing his probation or the consequences if he violated any of the terms of his probation. (Docket # 10 at 10.) Strong further contends that his probation agent did not provide him any information about the terms of his probation or the consequences for violating his probation and that the agent's failure to do so violated state rules governing probation. (*Id.* at 11.) Strong seeks an injunctive order requiring that his upcoming probation revocation hearing "be conducted in a manner that comports with federal constitutional standards." (*Id.* at 13.) Strong's amended complaint, however, does not contain any allegations suggesting that any procedures to be employed at his upcoming probation violation hearing fail to satisfy constitutional standards or that the upcoming probation violation hearing will not provide him an opportunity to raise his claims regarding not receiving information about the terms of his probation and the consequences for violating the terms of his probation.

4

*3. Discussion*

"[A] state prisoner's §1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Instead, an individual in custody seeking to challenge the validity of his confinement must raise his claims through a petition for a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Likewise, a petition for a writ of habeas corpus is the "appropriate remedy" for an individual raising a "constitutional challenge to the conditions and terms of probation." *Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977). A limited exception to this rule exists where an incarcerated plaintiff seeks to challenge the procedures governing his confinement and requests injunctive relief regarding those procedures so long as the requested relief does not imply the invalidity of the plaintiff's incarceration. *Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir. 2012).

Here, although Strong states, in his amended complaint, that he seeks injunctive relief regarding the procedures to be used at his probation revocation hearing, he does not make any allegations regarding any constitutional deficiencies in the procedures governing probation revocation hearings in Wisconsin state courts. Strong's amended complaint, therefore, fails to contain sufficient allegations permitting an inference that his probation revocation hearing will not comport with due process requirements.

To the extent that Strong's amended complaint focuses on the procedures used at his previous criminal proceeding, this is not cognizable through a § 1983 action. Any relief this

5

Court could provide would call into question the validity of an element of Strong's prior state court conviction and sentence and, also, call into question his present detention. The proper mechanism for Strong to raise his claims is either in the state court during his probation revocation hearing or through a habeas petition under 28 U.S.C. § 2241 if he is still awaiting his probation violation hearing or a habeas petition under 28 U.S.C. § 2254 if his probation hearing occurred subsequent to filing the amended complaint and the hearing resulted in his continued incarceration. For purposes of an action under 42 U.S.C. § 1983, however, Strong's allegations about receiving notice about the terms of his probation and the consequences of violating those terms fail to alleges facts capable of supporting this action. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

Finally, Strong has filed a motion to amend relief sought in his amended complaint. (Docket # 14.) He states that he seeks to include "collateral, declaratory, equitable, injunctive, and prospective" relief. However, Strong's request is moot because, as explained above, he fails to state a claim under § 1983.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend relief (Docket # 14) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that the plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g).

The Clerk of Court shall enter judgment accordingly.

**IT IS ALSO ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

A copy of this order will be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under

Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 22nd day of March, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge